SAMUEL, Judge
(dissenting).
The sole question before this court being whether or not plaintiff had recovered from the effect of his injury, I find it necessary to dissent from the majority opinion and decree which reverses on that question of fact.
The only lay testimony in the record is given by the plaintiff himself. He says that he continues to suffer pain. The medical testimony is in conflict only on one point, i. e., whether the x-rays reveal a pseudo-cyst or an osteoid osteoma. Plaintiff had recovered from the teno-synovitis for which he was treated and there is no conflict as to the characteristics of, and differences between, the pseudo-cyst and the osteoid osteoma. The latter is an uncommon, benign tumor of bone seen, for the most part, in children and young adults (plaintiff was 44 years of age); it could cause the pain of which plaintiff complains. The pseudo-cyst is a relatively common lesion having *319 no clinical significance, producing no symptoms and causing no disability or pain.
Plaintiff’s only medical expert witness was Dr. Accardo, an orthopedist, who examined plaintiff on two occasions approximately six and nine months after the accident and was of the opinion that the x-rays revealed an osteoid osteoma. Defendant’s medical experts consisted of Drs. Soboloff and Grunsten, both orthopedists, and Dr. Teitelbaum, a radiologist, all of whom testified that the x-rays revealed a pseudo-cyst. Dr. Teitelbaum gave extensive, detailed testimony during the course of which he said that in his experience he had seen only approximately six cases of osteoid osteoma whereas he had seen, also approximately, two or three hundred cases of pseudo-cyst. He was positive that plaintiff’s x-rays revealed only a pseudo-cyst. The trial court accepted the testimony of the defendant’s experts, particularly Dr. Teitel-baum, and the majority opinion agrees that greater weight should be accorded the expert radiologist in the field here involved, x-ray interpretation.
I am not only unable to find any error in the conclusion reached by the trial judge, I agree with that conclusion. As plaintiff has failed to carry his burden of proof by a preponderance of the evidence and as the medical evidence, even apparently in the view of the majority opinion, preponderates in favor of the defendant, the judgment appealed from should be affirmed. On a medical question the clear preponderance of the medical experts certainly should not be overweighed by the lay testimony of the plaintiff alone.
I respectfully dissent.